E. GRADY JOLLY, Circuit Judge,
specially concurring:
I concur in the majority’s opinion in full. I write separately to take note that underlying the key issues in today’s case is the rather crass manner in which the prosecution was, in part, conducted. As the record before us makes clear, the Assistant United States Attorney engaged in conduct that eschewed professional training, which put in jeopardy an otherwise clear conviction. He extensively cross-examined Ford about prior convictions and arrests on the ruse that defense counsel had opened the door to such questioning. He put on the stand an ATF agent who testified, based on a National Crime Information Center report, that a firearm possessed by Ford in a previous case was stolen, which had little purpose but to inflame the jury. The *950 Government now concedes on appeal that this testimony was hearsay, and it does not dispute that admission of this testimony violated Ford’s rights under the Confrontation Clause.
Beyond these missteps, the prosecutor posed a lengthy question — amounting to little more than invective — with respect to Ford remaining silent after he had invoked his Miranda rights. During cross-examination the prosecutor attributed to him a marijuana or “dope-dealing business,” an accusation bearing no relevance to the crime of possession of a firearm by a felon. Indeed, during the Government’s summation, the AUSA claimed that “all [Ford] does is hang around with marijuana, and that is what he is.”
The prosecutor is fortunate that his general resort to naked and raw emotionalism did not cost him the case; any evidentiary errors are ultimately insufficient to warrant a reversal of Ford’s conviction. Notwithstanding this result, the prosecutor needs reminding that we must demand a higher degree of professional prosecution than we have seen here.